IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1830, IN THE FIFTEENTH
YEAR OF THE STATE.

---

### KIMBLE, Assignee, *v.* ADAIR.

The party on whom the affirmative of the issue lies, has a right to open and conclude
the cause.

*Monday,*
*November* 1.

ERROR to the *Franklin* Circuit Court.—A suit was brought
in a justice's Court on a sealed note, by *Kimble*, the assignee,
against *Adair*, the maker. The note reads as follows: "On or
before the 1st of *March* next, for value rec'd. I promise to pay
*John Spangler* or order 25 dollars; provided the said *Spangler*
has not made any compromise, or received any pay, for timber
cut on the land which he purchased of *W. H. Eads* and has
this day given up. Witness my hand and seal this 27th of
Oct. 1827.—*John Adair*, (SEAL)." Judgment in favour of *Kim-
ble*. Appeal to the Circuit Court by *Adair;* in which Court,
conformably to the statute, *Kimble* was the plaintiff and *Adair*
the defendant. On the trial in the Circuit Court, the defend-
ant having admitted the execution of the note, was permitted
to open and conclude the cause. Verdict and judgment for
the defendant.

HOLMAN, J.—The right of opening and concluding a case
belongs to him who holds the affirmative; and from all that we

can learn of the nature of the defence in this case, the affirmative was with the defendant. There being no plea or written defence, and the execution of the note being admitted, there was nothing required on the part of the plaintiff to secure his case; and unless something was shown by the defendant, under the proviso in the note, to defeat his claim, he would obtain a verdict and judgment as a matter of course. It seems to us that it lay upon the defendant to show, that the plaintiff had entered into a compromise, or had received a compensation for cutting timber, as mentioned in the proviso, and this was affirmative matter. We are not able to comprehend how the plaintiff's claim, under the circumstances of the case, could have been resisted but by affirmative matter; and such matter as, if formed into a regular plea, would have given the defendant the right of opening and concluding the case. We, therefore, see nothing on this point to authorise a reversal of the judgment (1).

*Per Curiam.*—The judgment is affirmed with costs.

*M'Kinney* and *Morris*, for the plaintiff.
*Stevens*, for the defendant.

---

(1) Trespass *qu. cl. fr.* Plea, as to coming with force and arms and whatever else was against the peace, not guilty; as to the residue, a right of way, which was denied by the replication. *Held*, that the defendant should begin, as not guilty as to the force and arms was not a general issue, and did not throw any necessity of proof on the plaintiff. *Hodges* v. *Holder*, 3 Camp. R. 366.

A similar decision to the above was made in a subsequent case, in which *Bayley*, J. says, that the denial of what is against the peace is merely to save a fine to the king; that the party who has to prove the affirmative of the issue ought to begin; that where there are several issues, and the proof of one of them lies on the plaintiff, he is entitled to begin; that the question of damages never arises till the issue has been tried. *Jackson* v. *Hesketh*, 2 Stark. R. 518.

Trespass for an assault and battery. Plea, (without the general issue,) that the plaintiff was a mariner on board a ship, of which the defendant was commander, and that the plaintiff was engaged in a mutiny, to suppress which the defendant committed the trespass. Replication, *de injuria*. The defendant was directed to begin. *Bedell* v. *Russell*, Ry. & Mood. 293.

Assumpsit. Plea in abatement, that the promises were made jointly with *A*. Replication, that they were not made jointly with *A*. On the trial of this issue, the defendant begins. *Fowler* v. *Coster*, 3 Carr. & Payne, 463.

In an action for a libel, there were pleas of justification, but the general issue was not pleaded, and the affirmative of the issue was on the defendant. *Held*, that the plaintiff had not a right to begin, with a view to prove the amount of his damages; but that the right to begin was with the defendant. *Cooper* v. *Wakley*, 3 Carr. & Payne, 474.

Trespass for taking goods. The defendant pleaded (without the general issue) a jus-

tification under a commission of bankruptcy. Replication, denying the bankruptcy. The defendant was permitted to begin. *Cotton* v. *James*, 3 Carr. & Payne, 505.