*J. Smith*, for the appellants.

---

## McLees and Another *v.* Felt.

In determining who has the affirmative of an issue, regard is had to the substance and effect of the issue, rather than to the form of it.

Replevin for a quantity of merchandize. Answer in avoidance, setting up that the defendant was entitled to a lien upon the goods for freight, wherefore the plaintiffs were not entitled to the possession of them. Reply, in denial. *Held*, that the burden of the issue was upon the defendant, and that he was entitled to open and close; and this notwithstanding the rule that allegations of value and amount of damage are not considered as true if not controverted, and notwithstanding the duty of the jury, in such cases, to assess the value of the property and the damages for its detention; for the questions as to such value and damages were merely incidental to the main question, as to the right to the possession of the property.

Where the damages sustained by the plaintiffs must necessarily be determined

by the facts disclosed on the trial, the amount of damage claimed in the
complaint is not admitted by a failure to plead the general issue.
Instruction to the jury upon a point touching which there was conflicting
testimony, as follows: "In civil cases, the preponderance of evidence must
govern the verdict. You will, therefore, upon this point, adopt that opinion
which seems to prevail with the greater *number* of witnesses. *Held*, that
this was error.

Nov. Term,
1858.

McLEES
v.
FELT.

APPEAL from the *Wabash* Circuit Court.

*Friday,
December 3.*

WORDEN, J.—This was an action of replevin by the appellants against the appellee for a quantity of merchandize.

The defendant answered in avoidance, setting up, in substance, that he was entitled to a lien on the goods, for the freight on the transportation thereof from *Cincinnati, Ohio*, to *Peru, Indiana*, and from *Peru* to *Wabash*; wherefore the plaintiffs were not entitled to the possession of the goods.

Replication in denial.

Trial by jury; verdict for defendant; and judgment on the verdict, a motion for a new trial being overruled.

On the trial, the Court gave the defendant the opening and close of the case. Exception was taken to this ruling.

The party on whom rests the burden of the issues is entitled to have the opening and close of the case. *Shank* v. *Fleming*, 9 Ind. R. 189.

In determining who has the affirmative, regard is had to the substance and effect of the issue, rather than to the form of it. We are inclined to regard the answer as affirmative, setting out the facts upon which the defendant claimed to have a lien upon the goods—concluding, therefore, that the plaintiffs were not entitled to the possession. The answer admits, as we think, the plaintiffs' right, unless the special facts set up for defense defeat that right.

But it is said that the rule is that, "wherever the plaintiff is obliged to produce any proof in order to establish his right to recover, he is generally required to go into his whole case, and is entitled to reply." 1 Greenl. Ev. § 74.

This, we recognize as the correct doctrine. But we are of opinion that under the issue formed, the plaintiffs were not required to introduce any proof in order to recover.

The right of the plaintiffs to the property was admitted, unless the defendant proved the facts set up, in virtue of which he claimed the right to the possession of the property.

It is insisted, however, that as allegations of value and amount of damage are not to be considered as true for the reason that they are not controverted, and, as on the trial the jury were to assess the value of the property and damage for the detention, the plaintiffs should have had the right to begin. This we think does not follow. The value of the property, and the damages for the detention, were questions merely incidental to the main one, as to the right to the possession of the property. This case, we think, falls within that class where it has been held that if in trespass *q. c. f.*, assault and battery, and for taking goods, a justification only is pleaded, the defendant is entitled to open and close. *Vide* note to *Kimble* v. *Adair*, 2 Blackf. 320; *Downey* v. *Day*, 4 Ind. R. 531. In all those cases, the damages sustained by the plaintiff must necessarily have been determined by the facts as they appeared on the trial. The amount of damages claimed in the declaration in such cases was never admitted by a failure to plead the general issue.

Had the plaintiffs replied that they had paid or tendered the amount due for the freight, instead of denying the facts set up in the answer, a different question would have been presented. As it was, we think the affirmative was on the defendant, and, therefore, that the Court committed no error in giving him the opening and close.

On the trial, the value of transporting the goods from *Peru* to *Wabash* was a controverted question, and one on which a good many witnesses were examined, in whose testimony there was some conflict and discrepancy. It was claimed on the part of the plaintiffs that they had tendered to the defendant a sum sufficient for the transportation. The Court, in its charge to the jury, after adverting to the proposition that the defendant was entitled to a reasonable reward for transporting the goods from *Peru* to *Wabash*, said to them as follows:

Nov. Term,
1858.

McLEES
v.
FELT.

" You have had a number of witnesses before you, who have testified as to what would be a reasonable charge per hundred; and upon this point there has been quite a difference of opinion. In civil cases, the preponderance of evidence must govern the verdict. You will, therefore, upon this point, adopt that opinion which seems to prevail with the greater number of witnesses."

This charge appears to have been duly excepted to by the appellants.

The charge, in our opinion, was wrong, and might have misled the jury. It is undoubtedly true, that in civil cases the preponderance of evidence should govern the verdict, but that preponderance does not, by any means, necessarily depend upon the number of witnesses.

It is the province of the jury to determine the credibility of witnesses, and the weight that should be attached to their testimony. The weight that should be attached to the testimony of a witness, depends upon his honesty of purpose, his capacity to understand the subject-matter, and his means of knowing the facts about which he is testifying, as well as his disinterestedness and freedom from bias and prejudice. Wherever the witness is lacking in any of these respects, it would, in a greater or less degree, weaken the force of his testimony. These are matters which a jury may well take into consideration, and give to the testimony of a witness such weight and credibility as they may think it entitled to under all the circumstances, and no more. It not unfrequently happens that the preponderance of evidence is in favor of the side supported by the fewer witnesses.

Instead of telling the jury that they should " adopt the opinion that seemed to prevail with the greater number of witnesses," the Court should have left the jury to determine the question upon the preponderance of the evidence, giving such weight to the testimony of the witnesses as they might think it entitled to under all the circumstances.

On account of the above charge, the judgment will have to be reversed.

Nov. Term,
1858.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded for a new trial.

*J. U. Pettit, J. Brownlee,* and *H. P. Biddle,* for the appellants.