## Overdorff *v.* Boyer, Appellant.

*Practice, C. P.—Statement of claim—Affidavit of defense—Admissions—Evidence—Contract—Practice Act of 1915.*

Where plaintiff declares on a verbal agreement to furnish labor and materials for a building, and reasonable compensation for superintendence, and sets out the various items with the costs thereof, and ten per cent for superintendence, and defendant, in his affidavit of defense, admits furnishing the labor and materials,

but avers the same was done under a written agreement for a specific sum, and does not deny the averments as to the specific items, and these averments were given in evidence under objection, and the jury finds for plaintiff, defendant cannot allege on appeal that the court erred in admitting the averments of the statement, without putting plaintiff to his proofs.

Argued September 27, 1922.    Appeal, No. 131, Oct. T., 1922, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1921, No. 159, on verdict for plaintiff, in case of Lincoln Overdorff v. E. H. Boyer.    Before Mosch-zisker, C. J., Frazer, Simpson, Kephart, Sadler and Schaffer, JJ.    Affirmed.

Assumpsit for labor, materials and services of superintendence.    Before Stephens, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $6,644.92.    Defendant appealed.

*Error assigned* was admission of averments of plaintiff's statement of claim, quoting bill of exceptions.

*Charles C. Greer,* for appellant.

*Russell R. Yost,* of *Graham & Yost,* for appellee.

Opinion by Mr. Justice Frazer, January 3, 1923:

Plaintiff sued to recover a balance alleged to be due him from defendant, on account of labor, materials, and services furnished in the construction of a dwelling house and garage.    The claim was based on an oral agreement by defendant to pay the reasonable costs of labor and materials furnished, plus a reasonable compensation for superintending the work.    The defense was that plaintiff agreed, by offer in writing, accepted by defendant, to do the work for a fixed sum, which had been paid in full with the exception of a small amount due for extras.    At the trial plaintiff offered in evidence

the portion of paragraph six of the statement of claim, not denied by the affidavit of defense as follows: "A list of the labor and material used in the erecting and constructing the said house and garage together with the dates on which the said labor and material were furnished and the reasonable prices thereof, is hereto attached, marked plaintiff's 'Exhibit A,' and made a part of this statement." Paragraph six of the affidavit of defense was as follows: "As to paragraph six of plaintiff's statement, defendant does not deny that certain labor and materials were furnished in the erection and construction of the said house and garage, but re-avers that the same was done under the terms of the aforesaid written offer and acceptance by defendant. And that the material and labor referred to in 'Exhibit A' are not material to this issue, for the reason that the real cause of action, if any, must be predicated upon the aforesaid written offer, with accompanying plans and specifications, accepted by defendant, at a stipulated contract price for the work as a whole, said acceptance on part of defendant being oral."

Paragraph seven of the statement of claim averred that the prices charged for labor and materials were just and reasonable and at market prices and in reply to the claim the affidavit of defense denies the allegations "as therein made and affirms on the contrary that what defendant was to pay, was the contract price for the erection and construction of said house and garage, according to the offer and acceptance aforesaid."

Paragraph eight of the statement contains the claim for compensation for services in superintending the construction and the paragraph of the affidavit of defense bearing the same number denies "the claim therein made for the compensation, affirming, on the contrary, that no contract of the nature stated therein was ever made." Likewise an averment in paragraph nine of the statement, containing a summary of the total amount due plaintiff, is met by a general denial followed by an aver-

ment that, "on the contrary, the sole claim of plaintiff against defendant is to be found in the aforesaid written agreement between them." At the trial plaintiff offered no evidence referring to the details of the work, materials and services furnished but gave in evidence the foregoing extracts from the statement of claim and affidavit of defense, as showing an admission of the quantity of the materials and labor furnished and the prices properly chargeable for the same. The question of the nature of the contract between the parties, whether oral or written, was submitted to the jury and found in favor of plaintiff, consequently, there only remains to be considered on this appeal whether the portions of the affidavit of defense above referred to were sufficient to justify the view taken by the court below, viz: that the items of labor and materials were admitted.

The contention of appellant is that no such unqualified admission appeared in the affidavit of defense sufficient to relieve plaintiff from the burden of proving the items making up his claim. With this view we cannot agree. The case was not tried on the theory that the work was not done or that the materials were not furnished as specified in the exhibit attached to the statement of claim, but that, conceding the work to have been done, plaintiff had undertaken to do it for a lump sum, rather than on a quantum meruit basis. In charging the jury the trial judge stated if they found the contract to be as claimed by plaintiff, the charges made for materials and labor, etc., were to be accepted as averred in plaintiff's statement, because the value of the work performed and its cost are not disputed. The paragraph of the affidavit of defense referred to fails to deny specifically the averments of paragraph six of the statement and the items contained in the attached exhibit, but, on the contrary, concedes "certain materials and labor were furnished," etc., impliedly admitting the items making up plaintiff's claim for labor and materials to be correct and setting up, by way of confession and avoidance, the defense that

they were furnished under a different contract. In subsequent paragraphs, the denial of liability is likewise based specifically on the allegation that payment was required to be made in accordance with the written offer and acceptance instead of on the "cost plus" basis as claimed by plaintiff and nowhere in the affidavit do we find the specific denial of the items making up the claim required by sections 6 and 8 of the Practice Act of 1915. A discussion of the effect and admissions in an affidavit of defense and the proper mode of placing them on the record is found in the recent cases of Fulton Farmers Market Assn. v. Bomberger, 262 Pa. 43; Buehler v. U. S. Fashion Plate Co., 269 Pa. 428; Kull v. Mastbaum & Fleisher, 269 Pa. 202, and Parry v. First Nat. Bank, 270 Pa. 556. Under the principles there announced the affidavit contained no such denials of the items of plaintiff's claim as to put on him the burden of proving the same.

The judgment is affirmed.