## Schoenfeld v. Meckes

*Barba, Stern & Eiseman,* for plaintiff.

*C. H. Dorsett* and *F. L. Fuges,* for defendant.

JONES, J., July 16, 1946.—This is an action in assumpsit brought by the plaintiff against the defendant, claiming damages for the breach of an alleged oral contract in the amount of $2,000.00 with interest from March 1, 1945. The pleadings consist of the

plaintiff's statement of claim and the defendant's affidavit of defense.

The contract alleged being oral, the allegations of fact contained in the statement of claim are of primary importance and demand careful analysis in order to determine their legal significance. Accordingly they will be set forth and commented upon in detail.

Terms of the alleged contract are set forth in paragraph 3 of the plaintiff's statement of claim which reads as follows:

"3. On or about February 14, 1945, the defendant, who was then engaged in the general hardware business at 5936-38 Torresdale Avenue, Philadelphia, advised the plaintiff that his business was for sale and verbally authorized the plaintiff to endeavor to find a buyer for his general hardware business, consisting of stock, fixtures, auto truck, good-will and the real estate at 5936-38 Torresdale Avenue, Philadelphia, and defendant then and there agreed to pay plaintiff for his services if the plaintiff were successful in procuring a buyer."

The plaintiff avers in paragraph 4 of the statement of claim that on or about February 15, 1945 the plaintiff introduced one David Noskow to the defendant as a prospective purchaser.

In paragraph 5 it is averred that the plaintiff and the defendant and the said David Noskow "negotiated . . . for the purchase of the said business of the defendant", which was defined in paragraph 3 as "consisting of stock, fixtures, auto truck, good-will and the real estate at 5936-38 Torresdale Avenue, Philadelphia".

Paragraphs 6 and 7 of the plaintiff's statement of claim read as follows:

"6. On or about February 28, 1945, as a result of the efforts of the plaintiff, the defendant entered into

a written agreement with the said DAVID NOSKOW for the purchase and sale of the business of the defendant, including the stock of merchandise, fixtures, truck, good-will and, as well, the real estate of the defendant situate at 5936-38 Torresdale Avenue, at which address the defendant had been conducting the said general hardware business."

"7. By the terms of said agreement, the said DAVID NOSKOW was to pay to the Seller the sum of $20,000.00 for the stock, fixtures, auto-truck and good-will of the said general hardware business and an additional sum of $20,000.00 for the real estate, the Seller, the defendant herein, agreeing to take back a mortgage on said real estate in the amount of $12,000.00."

The plaintiff avers in paragraph 8 that on or about March 1, 1945 in pursuance of the agreement the said David Noskow paid to the defendant the sum of $20,000.00, whereupon the defendant delivered to the said Noskow "the business and that part of the premises in which said business had been theretofore conducted by defendant."

In paragraph 9 the plaintiff avers that it was through his efforts that the defendant-seller and the purchaser, Noskow, were brought together and that by virtue of the agreement between himself and the defendant (undoubtedly referring to the agreement set forth in the preceding paragraph 3 of the statement of claim) he was entitled to compensation for his services.

Paragraph 10 reads as follows:

"10. Plaintiff avers that a fair and reasonable value of his services is $2000.00, being 10 per cent of $20,000.00, the sale price of such business (exclusive of real estate), which is also the usual and customary charge made by a person acting in the capacity of a business broker."

Paragraph 11 consists of an averment that the plaintiff demanded that the defendant make payment for the services rendered and that the defendant refused and still refuses to make payment.

The statement of claim concludes with a claim to recover from the defendant the sum of $2,000.00 with interest from March 1, 1945.

An analysis of the affidavit of defense filed by the defendant discloses that the defendant admits having had negotiations for the sale of his business with David Noskow, that he entered into a written agreement for the sale of his business to David Noskow and others and that his business was sold for the sum of $40,-000.00. The defendant denies, however, that there was any contract between himself and the plaintiff for the sale of his business, denies that any negotiations were had with the plaintiff and denies the rendition of any such services as the plaintiff alleges and any liability for the compensation alleged.

It thus appears from a consideration of the pleadings, in disregard of any question as to their legal sufficiency, that the parties at the time of trial were at issue upon the basic questions of whether or not there was such contract between the parties as averred by the plaintiff and if so, whether or not there was a breach thereof by the defendant with consequent damages to the plaintiff in the amount claimed.

At the trial the plaintiff offered in evidence the allegations of various paragraphs of the statement of claim, some of which were not denied in the affidavit of defense and some were insufficiently denied therein. To some of the plaintiff's offers the defendant made objection upon the ground that the allegations of the statement of claim were sufficiently denied in the affidavit of defense. Defendant's objections were overruled, the allegations offered were admitted in evi-

dence and an exception to the overruling of each of the defendant's objections was granted.

The defendant in his defense made various offers of proof among which were offers to prove averments of the affidavit of defense which had been held to be insufficient denials of allegations of the statement of claim. Plaintiff's objections to the offers were sustained and an exception was granted to the defendant as to each.

No additional evidence being presented, counsel for the plaintiff thereupon submitted what is entitled "Plaintiff's Request For Binding Instructions" which reads as follows:

"The Learned Trial Judge is respectfully requested to enter judgment on the record in favor of the Plaintiff against the Defendant in the amount of $2000.00 together with interest from March 1, 1945."

Counsel for the defendant made an oral request that the trial judge find for the defendant.

Upon February 20, 1946 the trial judge made a finding for the plaintiff for nominal damages in the traditional sum of six and one-fourth cents. Coincident therewith the requests made by the plaintiff and by the defendant were denied and reference made to the finding of the trial judge.

Thereafter in due course the plaintiff filed a Motion for a new trial and an *"Exception"* to the finding of the trial judge. No Motion was filed by counsel for the defendant.

The same reasons were assigned in support of the Motion for a new trial and the *"Exception"*, to wit: "1. The finding was against the law." "2. The finding was against the evidence.", to which was added in support of the *"Exception"*. "3. Plaintiff is entitled to a finding in his favor in the amount of $2,100." A written brief was filed in support of the plaintiff's Motion for a new trial and *"Exception"*. The plaintiff's brief

did not contain a statement of the question or questions involved nor did it contain any assignment of error. This was a direct violation of the mandatory provisions of Rule 38 of this court.[1] The same argument was made in support of the Motion for a new trial as was made in support of the *"Exception"*, thus requesting that both be granted despite their contradictory legal effect.

A written brief was filed by counsel for the defendant contra plaintiff's Motion and *"Exception"*.

The contention made by counsel for the plaintiff was that the insufficiency of the denial in the affidavit of defense of the allegation of paragraph 10 of the state-

---

[1] Rule 38 entitled "NEW TRIAL PAPER BOOKS":

"38. The brief or paper book required of the party filing a motion for new trial, for judgment non obstante veredicto, to take off nonsuit, or in arrest of judgment, shall contain the following matters in the following order:

"1. Copy of docket entries.

"2. A brief statement of the history of the case.

"3. Name of trial judge.

"4. Statement of the question or questions involved, in the briefest and most general terms, without names, dates, amounts, or particulars of any kind whatever. It should ordinarily not exceed ten lines and must not under any circumstances exceed half a page. *This rule is to be regarded as in the highest degree mandatory and admitting of no exception."* (Italics supplied.)

"5. Assignment of Error. *Each error relied on must be specified particularly and by itself.* When an error assigned is to the charge of the court, or to affirmance or refusal of points, the part of the charge or the points and rulings referred to must be quoted ipsissimis verbis in the specification. When the error assigned is to the admission or rejection of evidence, or to the striking out or refusal to strike out evidence, the specification must quote the questions or offers, the ruling of the court thereon, and the evidence admitted or rejected, stricken out or which the court refused to strike out, together with a reference to the page in the notes of the testimony where the subject matter of the assignment may be found. When the error alleged is the admission or rejection of a writing, a full copy of the writing must be embodied in the assignment. *Assignments of error will only be considered where exceptions were taken at the trial of the case.* (Italics supplied.)

"6. Brief of argument. . . .

"7. Appendix. . . ."

ment of claim of the amount of damages was an admission of the truth of such amount and that therefore the court en banc should affirm the finding of the trial judge for the plaintiff, but should make a finding for the plaintiff in the sum claimed instead of nominal damages and enter judgment for such latter sum.

The effect of such contention is to have the court en banc make a finding of fact based upon the non-traversable, non-issuable fact averment in the statement of claim of the amount of damages demanded by the plaintiff upon the ground that it was the duty of the trial judge so to do because the averment was insufficiently denied in the affidavit of defense and thereby admitted to be true by operation of law, to wit, the provisions of Sections 6 and 8 of the Practice Act of 1915, 12 P.S. Secs. 387, 390, and thereupon enter a judgment upon such fact-finding.

Written briefs having been filed, as stated, and oral argument had, upon May 2, 1946 plaintiff's Motion for a new trial was granted and the *"Exception"* was dismissed. Thereafter notice was received of the filing of an appeal by the plaintiff.

There having been no assignments of error in the brief filed by counsel for the plaintiff as required by Rule 38 of this court, it was required that the record in the appellate court be examined. Therein it appeared that the appeal on behalf of the plaintiff was taken "from the order of the Municipal Court of Philadelphia dismissing Plaintiff's exception to finding."

From all of this it would appear that, from the viewpoint of plaintiff's counsel, the court en banc should have dismissed plaintiff's Motion for a new trial, despite the argument that it be granted, should have sustained the *"Exception"* by affirming the finding for the plaintiff made by the trial judge, reversed the trial judge's finding for nominal damages, made a finding in the amount averred in the statement of claim and

thereupon entered judgment for the plaintiff in such amount.

Whatever statements of questions involved are set forth in the briefs filed in the appellate court, three questions arise upon the record in the trial court. They will be stated and discussed in order.

1. In an action in assumpsit to recover damages for the breach of an oral contract, the damages alleged not being fixed by the terms of the alleged contract nor their amount intrinsically established, is an allegation in the statement of claim of the amount of damages sustained by reason of the breach of such contract a traversable allegation of a material fact, the truth of which is admitted by reason of an insufficient denial of such allegation or a failure to deny it in the defendant's affidavit of defense?

The answer to the question is given in express terms in the case of Bigham v. Wabash-Pittsburg T. Ry., 223 Pa. 106, 113, (1909) wherein it was said:

"Independently, however, of the question whether it was necessary to include in the affidavit of defense a denial of the measure of damages inferentially set up in the statement of claim, the general rule is that the plaintiffs must prove the amount of damages sustained by them or they will only be entitled to nominal damages and that failure to deny the amount of damages alleged to have been sustained does not admit them: Lucot v. Rodgers, 159 Pa. 58; Howell v. Bennett, 81 N. Y. Sup. Ct. 555."

The oral contract averred in the statement of claim in the instant case did not fix the amount of the damages demanded nor was the amount intrinsically established. No evidence was presented in support of the allegation of the amount of damages demanded. It was required, therefore, the plaintiff having presented a prima facie case, that the trial judge make a finding for the plaintiff for nominal damages.

Counsel for the plaintiff contended, however, that, the cited decision having been rendered prior to the Practice Act of May 14, 1915, P. L. 483, 12 P. S. 382 et seq., the latter act negatived the rule declared in the decision. Before passing to a consideration of the question thus raised, it will not be amiss to consider the reason for the rule declared in Bigham v. Wabash-Pittsburg T. Ry., supra.

In "Sedgwick on Damages", Vol. 4, 9th Edition, Sec. 1260, pp. 2591, 2592, it is said, inter alia:

"It was anciently held, both in actions of *indebitatus assumpsit* and *insimul computassent*, that the plaintiff could not recover any less amount of damages than the precise sum laid in the declaration. But it is now well settled otherwise: and thus, even in an action on a policy of insurance averring a total loss, a recovery may be had for a partial loss. This necessarily follows from the fact that, except as fixing a limit beyond which recovery cannot be had, the averment of the amount of damages is not a material one. The amount of damages alleged is not a traversable averment, and is not admitted by a failure to deny it."

The conclusion that the amount of damages alleged is not a traversable averment and therefore is not admitted by a failure to deny it, is affirmed in decisions in various jurisdictions. It has been held to apply to actions for damages whether the same be for the breach of a contract or in an action arising out of tort and sounding in damages. For example, the case of Bigham v. Wabash-Pittsburg T. Ry., supra, was an action in assumpsit for breach of a contract. In the case of Howell v. Bennett, 81 Supreme Court Repts. New York (Hun 74), 555, cited in Bigham v. Wabash-Pittsburg T. Ry., supra, it was said (558):

"In an action arising out of a tort and sounding in damages, the defendant, by failing to deny the amount of damages alleged to have been sustained, does not admit them, and the plaintiff must prove the amount

sustained by him or he will be entitled only to nominal damages. . . . (citing decisions and authorities)".

The case of Lucot v. Rodgers, 159 Pa. 58, cited in Bigham v. Wabash-Pittsburg T. Ry., supra, was an action in trespass for injuries to a retaining wall and a house. The Supreme Court affirmed the verdict and judgment for the plaintiff upon the charge of the trial court. Point No. 6 presented by the defendant in the trial of the case and the answer thereto by the trial judge read as follows:

" '6. The burden of proving the damages is upon the plaintiff, and if the jury should find that the plaintiff has failed to show such damages or measure of damages as would enable the jury to properly estimate the same, then, even if the jury should believe that the plaintiff was entitled to recover, the verdict should be only for nominal damages. *Answer:* Affirmed. But this does not require exact evidence, but facts which will enable the jury to fairly estimate the damages.' "

In the case of Jackson v. Stearns, 58 Ore. 57; Ann. Cas. 1913A (Vol. 26 American & English Annotated Cases) p. 284, an action founded on a breach of contract, it was held that "Where a cause of action was founded on breach of contract, it is a conclusion of law to allege that the sum claimed is a reasonable compensation for services performed." (Syllabus).[2]

The following excerpts from the case of Raymond *a.* Traffarn, 12 Abbotts' Practice Reports (New York) (January, 1861) 52, are set forth at length because of their pertinency. The third paragraph of the syllabus reads as follows:

"The averment of the amount of damages is not issuable, and is not admitted by failure to answer."

---

[2] No pleading shall contain "the evidence by which" the material facts upon which the party pleading relies "are to be proved, or inferences, or conclusions of law, . . ." (Sec. 5, Act of May 14, 1915, P.L. 483, 12 P.S. Sec. 386.)

The court said, inter alia, (53, 54, 55) :

"The only questions necessary to be considered are, whether this plea of a former suit sufficiently admitted the cause of action, and whether, upon such admission, the justice could render judgment to the extent claimed as damages, without the aid of proof. . . .

"Only traversable allegations are confessed to be true by an answer which admits the plaintiff's cause of action. The damages stated in the complaint are the extent of the compensation demanded, not an actual and issuable averment of the amount. Upon the amount thus claimed, no issue could properly be taken, but without any answer, upon evidence being given as to the quantum of damages, the defendant was entitled to appear and scrutinize such evidence, and mitigate the damages. (3 *Jacob's Law Dic.*, 512; Woodruff *a.* Cook, 25 *Barb.*, 505; Conoss *a.* Meir, 2 *E. D. Smith*, 314; Hackett *a.* Richards, 3 *Ib.*, 13.) Of this right the defendant was deprived by the rendition of the judgment, without any proof being made as to the actual damage."

This rule of law, so generally recognized,[3] was not altered, nor was it intended to be altered by the Practice Act of 1915. Under the Act of May 25, 1887, P. L. 271, as under the said 1915 act, it was required that in actions of assumpsit the defendant file an affidavit of defense, the material averments of which were admissible in evidence [4] when offered by the plaintiff, and by the express provisions of section 5 of the 1887 Act "In the action of assumpsit, judgment may be moved for want of an affidavit of defense, or for want of a sufficient affidavit for the whole or part of the plaintiff's

---

[3] See also Jenkins v. Steanka, 19 Wisc. 126, 128, and McLees v. Felt, 11 Ind. 218.

[4] See Flegal v. Hoover, 156 Pa. at page 281 (1893); Mullen v. Insurance Co., 182 Pa. at page 156 (1897).

claim, as the case may be, in accordance with the present practice in actions of debt and assumpsit."

The essentials of a statement of claim and an affidavit of defense are alike under both recited statutes. The essence of Section 5 of the said Practice Act of May 14, 1915, P. L. 483, 12 P.S. 386, which reads: *"Every pleading shall contain, and contain only, a statement* in a concise and summary form *of the material facts* on which the party pleading relies for his claim, or defense, as the case may be, but *not the evidence* by which they are to be proved, *or inferences, or conclusions of law,* and shall be divided into paragraphs numbered consecutively, each of which shall contain but one material allegation." is declaratory of the law as it existed prior to and at the time of its enactment.[5] (Italics supplied.)

"In pleading", a material allegation is "one essential to the claim or defense, and which could not be stricken from the pleading without leaving it insufficient." (39 C.J., Sec. 3, p. 1387). Such was the definition of an allegation of material fact prior to the Practice Act of 1915 and such is its definition under the statute and its amendments. Now, as before, it is for the court to determine whether or not an allegation in a statement of claim is one of material fact, the failure to deny which or the insufficient denial of which constitutes an admission of its truth under the provisions of Sections 6 and 8 of the Practice Act.[6]

Prior to the Practice Act of 1915 it was required in actions in assumpsit that a statement of claim and an affidavit of defense consist solely of averments of ma-

---

[5] See McKaraher v. Dowling et ux., 90 Pa. Super. Ct. 32, 33, 34.

[6] See Casaccio v. Marrone, 92 Pa. Super. Ct. 467, 470.

terial facts.[7] Then, too, in such actions admissions of averments of a statement of claim by reason of a failure to deny or an insufficient denial of them in an affidavit of defense, in conformity with reason, were confined to averments of the character required to be averred in a statement of claim, i.e., averments of material facts.[8]

When it is provided in Section 6 of the Practice Act of 1915 that "Every allegation of fact in the plaintiff's statement of claim, . . . if not denied specifically or by necessary implication in the affidavit of defense, . . . , or if no affidavit of defense . . . be filed, shall be taken to be admitted, except . . ." (exceptions not pertinent to the present issue) and in Section 8 that "It shall not be sufficient for a defendant in his affidavit of defense to deny generally the allegations of the statement of claim, . . .; but each party shall answer specifically each allegation of fact of which he does not admit the truth, except . . ." (exceptions not pertinent to the present issue), *material allegations of fact* are meant as prescribed in preceding Section 5. Sections 5, 6 and 8 are pari materia and must be construed with reference to one another. The language of Sections 6 and 8 did not authorize averments of fact not material to the issue, did not authorize the averments of evidence or inferences or conclusions of law in contradiction of the express mandate of Section 5.[9]

In the instant case the averment in paragraph 10 of the plaintiff's statement of claim that "a fair and rea-

---

[7] See historical note to Sec. 386, 12 P.S., (Sec. 5 of Practice Act of 1915) referring to Sec. 3 of the Act of May 25, 1887, P.L. 271; See also historical note to Sec. 387, 12 P.S. (Sec. 6 of Practice Act of 1915).

[8] See Secs. 3, 5 of the Act of 1887, supra; See also Ashman v. Weigley, 148 Pa. 61, and Ins. Co. v. Groff, 154 Pa. 200, cited in Wanner v. Emanuel's Church, 174 Pa. 466, 470.

[9] See Casaccio v. Marrone, 92 Pa. Super. Ct. 467, 470.

sonable value of his services is $2000.00" is the expression of the judgment of the plaintiff upon undisclosed facts, upon facts within his own knowledge. It is a conclusion of law which is expressly forbidden to be averred in a statement of claim or an affidavit of defense by Section 5 of the said 1915 act and therefore not required to be answered in the affidavit of defense.

Turning now to the so-called "Request For Binding Instructions" presented by the plaintiff in the instant case that the trial judge enter judgment for the plaintiff in the amount of damages averred in paragraph 10 of the statement of claim, it is apparent that it is, in reality, a motion for judgment in favor of the plaintiff in such amount for want of a sufficient affidavit of defense, trial having been had upon the pleadings. Not only was the trial judge without authority to enter a judgment but, had he had such authority, the law forbade the entry of a judgment in the amount of the damages demanded upon the ground that the amount was admitted to be true by an insufficient denial thereof in the affidavit of defense. The law forbade the entry of such judgment upon such ground for the reason that *the averment of the amount of damages demanded is not an averment of material fact other than the "extent of the compensation claimed" beyond which recovery may not be had, and an identification of the court having jurisdiction to try the cause,* for the reason that *it is not a traversable averment* and therefore not admitted to be true by a defendant's failure to deny or his insufficient denial thereof in the affidavit of defense. The averment was admissible in evidence as an averment of the "extent of the compensation claimed" and an identification of the court having jurisdiction to try the cause; no more. Its being admitted in evidence, however, did not constitute an admission as the truth that such was the amount of damages actually sustained by the plaintiff. Though unanswered by the

defendant, the plaintiff must establish by relevant evidence the amount of the damages actually sustained and "upon evidence being given as to the quantum of damages, the defendant" is "entitled to appear and scrutinize such evidence, and mitigate the damages."

Assuredly the Practice Act of 1915 did not alter the existing legal concept of a fact, nor did it change the standards determinative of its materiality in a pleading. The act gives no indication of an intention on the part of the General Assembly to repeal the laws of thought which constitute the foundation of ordered thinking. An allegation in a statement of claim in assumpsit of the amount of damages demanded for an alleged breach of a contract remained, as it was and had been, an allegation of immaterial fact, non-issuable and non-traversable, its truth not admitted by an insufficient denial or a failure to deny in an affidavit of defense. The rule of law declared in Bigham v. Wabash-Pittsburg T. Ry., 223 Pa. 106, 113, is the law to-day as it was when judicially pronounced in the cited case. This conclusion is not invalidated by the cases and text-book references cited in the brief of plaintiff's counsel as an examination thereof will disclose. Comment will be made upon the cases.

In support of the contention that the Practice Act of 1915 nullified the rule declared in Bigham v. Wabash-Pittsburg T. Ry., supra, counsel for the plaintiff cited Overdorff v. Boyer, 275 Pa. 294 (1923); Sweiczkowski v. Sypniewski, 294 Pa. 323 (1928) and Stein & Samson v. Slomkowski, 74 Pa. Superior Ct. 156 (1920).

In Overdorff v. Boyer, supra, the jury by its verdict made a fact-finding that the contract between the parties was one in which the defendant was liable to make payment on a " 'cost plus' basis" as contended for by the plaintiff, not a payment required to be made in accordance with a "written offer and acceptance" as contended for by the defendant. There was no question

as to what the amount of the verdict should be as fixing the liability of the defendant when the jury made a fact-finding as to which of the two was the contract between the parties. The Supreme Court stated that "The case was not tried on the theory that the work was not done or that the materials were not furnished as specified in the exhibit attached to the statement of claim, but that, conceding the work to have been done, plaintiff had undertaken to do it for a lump sum, rather than on a quantum meruit basis." (297) The verdict of the jury was decisive.

In the case of Swieczkowski v. Sypniewski, 294 Pa. 323, (1928) the Supreme Court said ". . . the controlling matter for determination is whether the contract which plaintiff sets up was established, and, as subsidiary thereto, whether appellee has successfully carried the burden of showing that she was not paid." (325) Referring to the decision in Overdorff v. Boyer, supra, the Supreme Court said, "In that case, a suit for labor and materials furnished, the defendant did not deny the items, but set up a contract basis of payment. The statement in the pleadings relating to the items were properly admitted as evidence, as they were not in dispute." (327)

In the case of Stein & Samson v. Slomkowski, 74 Pa. Super. Ct. 156 (1920) the question touching the Practice Act of 1915 revolved about Section 16 of the Act forbidding a defendant to make any defense not set forth in the affidavit of defense except as provided in Sections 7 and 13 (relating to defenses by executors, etc., and in actions of trespass).

Irrespective of whether or not paragraph 10 of the statement of claim was admissible in evidence because of the character of the answer made thereto by the defendant, the burden was upon the plaintiff to establish by relevant evidence the value of his services, the amount of the damages which he alleged resulted

from the breach of the alleged contract. This he did not do. There was, therefore, no error in the finding of the trial judge.

2. Is the filing of an Exception to the Finding of a Trial Judge in a non-jury trial permissible practice in the Municipal Court?

In order that the significance of this question may be made to appear, it is required that fundamental principles governing non-jury trials, the prescribed rules of practice in the Municipal Court and the circumstances under which the question arose in the trial court be stated.

The instant case was tried by a judge without a jury under authority of Section 12 of the Act of July 12, 1913, P.L. 711, as amended by the Act of June 20, 1919, P.L. 515, 17 P.S. 695. In such non-jury trial the trial judge functions as a jury. His finding is in legal effect as the verdict of a jury, is equally conclusive.

The trial judge enters no judgment. His finding having been entered of record, parties to the litigation who think themselves aggrieved thereby find their remedy outlined in the rules of the Municipal Court promulgated under authority of Section 12 of the Act of 1913, supra. These rules provide for the filing of motions for a new trial, judgment non obstante veredicto, to take off nonsuits and in arrest of judgment.[10]

---

[10] Rule 26 entitled "TRIAL OF CASES":

"26(a). The trial of cases at law without a jury, so far as practicable, shall be conducted as cases are now tried before juries. . . .

"(b) . . .

"(c) Unless a motion for a new trial, for judgment non obstante veredicto, in arrest of judgment, or to take off a nonsuit, shall be filed within four days of the entry of such finding or order, the clerk shall *upon order* enter judgment . . ." (Italics supplied.)

"(d) . . .

"(e) . . ."

In a non-jury trial a motion in terms for a judgment non obstante veredicto may be filed, its legal import being that of a motion that the court en banc enter a judgment in favor of the proponent of the motion notwithstanding the finding of the trial judge.[11] Such motion cannot be filed, however, unless at the conclusion of the presentation of the evidence a request is made that the trial judge find for the proponent of the request, the plaintiff or the defendant, as the case may be. Such request is precisely similar in legal significance as is a point or request for binding instructions to the jury in a jury trial. If no such request be made to the trial judge, no motion to the court en banc that it enter judgment for the party making the request notwithstanding the finding of the trial judge can be made. *Such motion requires as its basis a request for a finding before a finding is made by the trier of the facts.*

In the case of Readdy v. Shamokin Bor. (2), 137 Pa. 98, it was held that an assignment of error which alleges that the trial court erred in not directing a verdict for the defendant will not be sustained when no request was made to the trial court that such instruction should be given to the jury. This is precisely in point in the instant case, for in a non-jury trial the trial judge functions as a jury. Unless therefore a request be made that the trial judge make a finding for the plaintiff or the defendant, as the case may be, there can be no denial of the request and therefore no basis for a motion to the court en banc to enter a judgment notwithstanding the finding and an assignment of error that the court en banc erred in not entering such judgment can not be sustained. No such request for a finding was made, nor was such motion made by the plaintiff in the instant case.

---

[11] See Fitzpatrick v. Bates, 92 Pa. Super. Ct. 114.

Since a trial judge cannot be held to have committed error for the failure to grant a fact-finding request which was not made, similarly in principle a trial judge cannot be held to have committed error by his denial of a request to make a conclusion of law which he was without authority to make, such as was the request in the instant case that he enter a judgment for the plaintiff. At the conclusion of the presentation of the evidence, which consisted solely of the plaintiff's statement of claim, the defendant's affidavit of defense and the rulings of the trial judge, the plaintiff submitted what is entitled "Plaintiff's Request For Binding Instructions", but which is, in reality, a motion to enter judgment for the plaintiff. The trial judge was "requested to enter judgment on the record in favor of the Plaintiff against the Defendant in the amount of $2000.00 together with interest from March 1, 1945", (supra, p. 535) which is the amount of the damages alleged to have been sustained, the alleged value of the services alleged to have been rendered by the plaintiff, averred in paragraph 10 of the plaintiff's statement of claim.

The request was a motion for judgment for the plaintiff in the amount of the damages averred in the statement of claim for want of a sufficient affidavit of defense. Such request has no place in a trial court upon the trial of a cause. Such request or motion should have been made to the motion judge. The purpose of a trial is to determine facts, not law. In a non-jury trial in the Municipal Court the judge does not enter a judgment. His finding is not a judgment nor is it an adjudication. The trial judge was without authority to grant such request as made by the plaintiff. There was no authority to predicate upon such request a motion for judgment non obstante veredicto or an "*Exception*" to the finding. In practice an exception is an objection made to the decision of the judge in the

course of a trial. It is the formal statement upon the record of the party's objection to a conclusion of law. Unless a statute or a rule of the trial court so provides, no exception can be taken to a finding of fact made by a trial judge. There is no such statute, nor is there such rule of court.

Counsel for the plaintiff seems to be under the impression that the rules of the Common Pleas Courts governing the trial of non-jury cases are the rules of the Municipal Court. Such is not the fact. The rules of the Municipal Court apply to non-jury trials and in terms apply to the finding of the trial judge as to the verdict of a jury. (Rule 26, supra).

Rule 231 of the Common Pleas Courts of Philadelphia County, which came into existence by reason of the Act of June 25, 1937, P. L. 2090, 12 P.S. 695, provides that the trial judge in a non-jury trial shall make an "adjudication" which "may consist only of his decision of the case, but he may include also such other matters as he deems desirable." The adjudication becomes effective immediately "upon the date of its filing" (Rule 231, (2), (3)). Clause (4) provides that objections to the adjudication in the form of exceptions may be filed "by any party within four days after the adjudication becomes effective, and no motion for a new trial, for judgment non obstante veredicto, in arrest of judgment, or to remove a nonsuit, will be entertained." Clause (5) of the cited rule reads as follows:

"(5). If all parties waive the right to file exceptions, the prothonotary shall forthwith enter final judgment upon the adjudication, *as of course*. If no exceptions are filed within the four-day period, the prothonotary shall enter final judgment upon the adjudication, *as of course*, on the expiration of said period. If exceptions are filed within such period, the court en banc shall hear argument thereon, affirm or dismiss each excep-

tion, and shall either order a new trial or enter such final judgment as it deems lawful and proper." (Italics supplied.)

The adjudication entered by the trial judge of the common pleas court is a judgment nisi which becomes effective immediately, upon which, *as of course*, the prothonotary enters a final judgment if no exceptions be filed within the four-day period.[12]

It is submitted that no more need be said upon this question and that the court en banc was required to dismiss the plaintiff's *"Exception"*.

3. Is the plaintiff entitled to recover compensation for services alleged to have been rendered to the defendant in effecting the sale for the defendant of the latter's "business" consisting of both real and personal property, the plaintiff not having been a duly licensed real estate broker at the time of the alleged services?

The plaintiff alleges that he entered into an oral contract with the defendant "to endeavor to find a buyer" for the defendant's "general hardware business" consisting of tangible personal property, good-will and real estate and that by the terms of the contract alleged the defendant was to make payment for services rendered in the sale of the said "business". He avers his fulfillment and the defendant's breach of the alleged contract by reason of which the suit is brought to recover damages for the breach in the amount of $2,000. which, he avers, is "a fair and reasonable value of his services" rendered in fulfilling his obligations under the terms of the alleged contract.

Though the question was not raised in the lower court, the record does disclose the fact that the contract alleged in the plaintiff's statement of claim falls within the provisions of the Real Estate Brokers License Act of one thousand nine hundred twenty-nine. (May 1,

---

[12] See Chadwick v. Hepburn, 151 Pa. Super. Ct. 459, 465.

1929, P.L. 1216, 63 P.S. Secs. 431-448).[13] The question of the power of the trial court to allow a recovery by reason of the statutory provisions is presented by the plaintiff's stated cause of action. This is the ever-present question of jurisdiction which inheres in every cause of action and must be met and answered by the court at any stage of the proceedings, though the parties, for whatever reason, ignore it.

Nowhere does it appear in the statement of claim that the plaintiff at any time was a duly licensed real estate broker as required by the said statute. On the contrary it is averred in paragraph 1 of the statement of claim that the plaintiff "is a resident of Philadelphia, . . ., whose business is selling locks and other hardware to retailers."

In view of the averments of the plaintiff's statement of claim the decision in the case of Burns v. Gartzman, 139 Pa. Super. Ct. 453, is in point. In this cited case the Superior Court held that, since the contract involved the leasing of real estate as a constituent of the sale of the "business", it fell within the terms of the Real Estate Brokers License Act and that, therefore, there could be no recovery based upon such contract, the plaintiff not having had a license as required by the statute.

The contract upon which the plaintiff's action in the instant case is founded is expressly averred by the plaintiff to be one for the sale of personal property and the real estate in which the defendant was conducting the "business". In the statement of claim (paragraph 3) the plaintiff defines the "business", in the sale of which he avers he was the efficient factor, to consist of personal property and real estate. In the main the value of good-will inheres in the place at which the business had been and was being conducted at the

---

[13] See Verona v. Schenley Farms Co., 312 Pa. 57 (1933).

time of the sale. The real estate was not a minor constituent of the "business". This conclusion is emphasized and established as a fact by the averment in the statement of claim that the sale price of the real estate was the sum of $20,000., fifty per centum of the total sale price of the "business". Manifestly the contract upon which the plaintiff's action is grounded is for the sale of real estate.

It was doubtless by reason of the fact that the plaintiff was not a real estate broker that the plaintiff in paragraph 10 of the statement of claim averred "a fair and reasonable value of his services" to be "10 per cent of $20,000.00, the sale price of such business (exclusive of real estate), . . .". The value of the services thus averred by the plaintiff is determined by a percentage of the alleged sale price of the personalty which is the precise equivalent of five per centum of the averred sale price of the real estate and the personalty.

The character of the contract must be determined by a consideration of all of its terms. So considered it is one for the sale of personal property and real estate which, as a unit, constitute the "business". The alleged contract is entire. Had the plaintiff secured a purchaser for the personalty alone he would not have fulfilled the contract he alleges and there would have been no breach on the part of the defendant had he refused payment for services so rendered. It is at this point that the provisions of the Real Estate Brokers License Act become pertinent.

It is provided in Section 2(a) of the said act as amended by Section 1 of the Act of July 2, 1937, P. L. 2811, (63 P.S., Sec. 432), that "The term 'real estate broker' shall include all persons, . . . who, for another and for a fee, commission, or other valuable consideration, shall . . . negotiate the sale, exchange, purchase,

or rental, . . . of any real estate, . . . property of another, whether the same shall be located within the State of Pennsylvania, or elsewhere, . . . One act in consideration of compensation, by fee, commission or otherwise, of buying, selling, renting or exchanging any such real estate of or for another, . . . shall constitute prima facie evidence that the person, . . . so acting . . ., is a real estate broker within the meaning of this act."

Section 16 of the said act provides:

"No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, association or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service." (63 P.S., Sec. 446).

Plaintiff does not fall within the exceptions of clause (c) of said Section 2 of the recited Act of Assembly.[14] The plaintiff, it is seen, had grounded his claim upon the fact that he secured a purchaser for the "business" of which admittedly the real estate was a constituent. The averred negotiation of the sale of the "business" consisted of a series of acts "in consideration of compensation, . . . of selling . . . real estate of . . . (and) for another". The compensation, to recover which the suit was brought, was for a commission for services rendered in negotiating the sale of real estate within the meaning of the said Act of 1929 and its

---

[14] See Verona v. Schenley Farms Co., 312 Pa. 57, 66 (1933). The cause of action in Downing v. Marks, 318 Pa. 289 (1935) arose prior to the 1929 enactment; it is not in point.

amendments and therefore under the provisions of Sections 6 and 16 of the Act plaintiff could not institute any action or suit nor obtain any recovery in any court of Pennsylvania for services of the character thus rendered despite his abandonment of any claim for compensation for the sale of the real estate. To hold otherwise would be to nullify the said statute and to run counter to the manifest intention of the legislature in its enactment. Plaintiff cannot violate a statute, voluntarily abandon a portion of his claim and by such expedient legalize what is fundamentally illegal. As in Burns v. Gartzman, supra, so in the instant case ". . . he cannot have the aid of the courts to recover commissions which were earned before he received a license."

The language of Section 16 of the Act makes it obligatory upon a plaintiff to aver and to establish as a fact that at the time of the rendition of the services he was a duly licensed real estate broker under the Act. The failure of the plaintiff so to do is a defect in a material element in his case and effects a denial of recovery, though not averred explicitly in the affidavit of defense.[15] In Burns v. Gartzman, supra, it was said, "It has been firmly established that the securing of a license is a condition precedent to the lawful transaction of business by a real estate broker and that he cannot have the aid of the courts to recover commissions which were earned before he received a license. 'Subsequent compliance with the law will not cure the illegality of previous transactions': . . ." (462) This conclusion was affirmed in Tice v. Easterday, 148 Pa. Super. Ct. 457, wherein there had been a verdict for the defendant and the court entered judgment for the plain-

---

[15] See Am. Products Co. v. Refining Co., 275 Pa. 332, 335; see also Nevling v. Commercial Credit Co., 156 Pa. Super. Ct. 31, 37.

tiff non obstante veredicto from which judgment the defendant appealed, contending that the plaintiff had failed to establish by competent evidence that he was a duly licensed real estate broker on the day on which he rendered the services for which he claimed commissions. The appellate court held that the evidence was insufficient as a matter of law to establish the fact that the plaintiff was a duly licensed real estate broker at the time of the alleged sale. It was for this reason that the judgment for the plaintiff was reversed. The appellate court, however, reinstated the motion for a new trial made in the lower court, the reason therefor being: "It may be that the failure to aver and definitely prove that at the time the services were rendered the plaintiff was a duly licensed real estate broker is an omission which may be supplied. We are inclined to give him an opportunity to overcome lack of proof if he can, and with this end in view we will reinstate the motion made in the court below for a new trial. The court then may consider whether the plaintiff can successfully establish proof of the fact essential to recovery in this case." (461)

The absence of an averment in the statement of claim that the plaintiff was the holder of a license, the averment of the business in which he is engaged, coupled with the calculation of the compensation averred in paragraph 10 of the statement of claim evidence the fact that the plaintiff failed to comply with the statutory requirements essential not only to a recovery but to the right to institute a suit or action for the compensation claimed. Without compliance with the statutory requirement, the court is without jurisdiction to hear the cause.

"To sum it all up, in conclusion." Plaintiff's Motion for a new trial was granted from a sense of justice to both plaintiff and defendant and solely for such reason.

In our adversary system of litigation the parties are required to prepare the pleadings and, of course, are bound by them. That the parties are without the requisite knowledge to prepare pleadings in conformity with legal requirements, is recognized. It is for such reason that they retain those who are learned in the law, skilled in the art of its practice and duly licensed as officers of the court to render service to their clients and to assist in the judicial administration of justice. What is said here is especially pertinent in the instant case for the trial was had upon pleadings. The statement of claim and the affidavit of defense filed of record indicate that they were prepared and their execution by the parties approved by counsel. It accords with a sense of justice, therefore, in view of the record, that a new trial be granted.

Upon a re-trial of the cause evidence as to the material facts upon which the plaintiff has grounded his claim and the defendant his defense thereto can be presented, and the questions as to whether or not the contract alleged by the plaintiff falls within the provisions of the Real Estate Brokers License Act and if so, whether or not there has been a failure to comply with its provisions, can be raised and judicial ruling had thereon as the appellate court in its judgment may think proper to direct. This conclusion is in harmony with the spirit of the ruling made in the granting of a new trial in Tice v. Easterday, 148 Pa. Super. Ct. 457, 461, 462, and in Am. Products Co. v. Refining Co., 275 Pa. 332, supra.

No error of law invalidates the finding of the trial judge, the dismissal of the "Exception" filed by the plaintiff or the granting of the plaintiff's Motion for a new trial.