## Plasterer Estate.

Argued January 16, 1964. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

514

*Charles V. Henry, III,* for appellants.

*L. E. Meyer,* with him *Meyer, Brubaker & Whitman,* for appellee.

OPINION BY MR. JUSTICE JONES, March 17, 1964:

Isaac Plasterer (decedent), died, testate, on July 22, 1959. Under the provisions of his will—executed December 12, 1958—decedent, after bequeathing $300 to his widow, Stella M. Plasterer, gave the residue of his estate to his two daughters by a prior marriage, Sadie M. and Mabel H. Plasterer (appellants). This will was probated and letters testamentary issued to appellants.

On October 17, 1959, the widow filed an election to take against the will. Over three years later, appellants petitioned the Orphans' Court of Lebanon County for a rule to show cause why the widow's election to take against the will should not be vacated on the ground that the widow, by a written instrument dated August 5, 1958, has renounced her rights in decedent's estate. The widow filed preliminary objections which alleged that the written instrument of August 5, 1958 failed to show any promise by either the widow or the decedent supported by consideration. The court sustained these preliminary objections and dismissed appellants' petition to vacate the election. From that decree this appeal was taken.

The handwritten[1] instrument upon which appellants rely to defeat the widow's rights provides:

"            Aug. 5-58

To who It is concerned

My Heirs or Mr. Plasterer

I do not claim and

any of Plasterers estat

and. Neither Shall he

Claim any of mine

Only the Claim

of a $5000.00 Ins. Policy

Monthly Benefits

the New York Mutual

So this will close

this matter. the Income

           Signed Isaac Plasterer

           Mrs Stella M. Plasterer

           Mrs Verna E. Houser"

On the posture in which this issue is presented it is undisputed that both decedent and his wife did execute this written instrument.

Appellants have four contentions: (1) that, on preliminary objections, lack of consideration cannot be raised; (2) that the words in the instrument "I do not claim and any of Plasterers estat and Neither Shall he Claim any of mine", if consented to by both decedent and his wife, were binding promises establishing a mutuality of assent; (3) that the execution of the instrument by both the wife and the decedent evidenced their assent to the mutual promises in the writing; (4) if the words of the instrument are ambiguous and unclear, then the court cannot determine the intent of the parties without hearing evidence as to the attendant circumstances.

---

[1] The identity of the scrivener of this instrument does not appear of record.

Assuming, arguendo, that lack of consideration is an affirmative defense under Pa. R. C. P. 1030,[2] yet where the pleader relies for his cause of action upon a written instrument upon the face of which no consideration appears or the existence of consideration appears doubtful it would seem logical to raise this question by preliminary objections particularly where the written instrument is the keystone of the cause of action. In the case at bar, since appellants rely exclusively upon this written instrument to set aside the widow's election, the existence or non-existence of consideration on the face of the writing was properly raised by preliminary objections.

The instrument upon which appellants rely contains, as the appellants concede, "numerous misspellings, incomplete sentences, lack of punctuation, and generally horrendous grammar". Even the most cursory examination of this writing indicates that doubt and ambiguity arise as to the actual intent of the parties thereto.[3] Under such circumstances, we are compelled to resort to the circumstances with which those who executed this instrument were surrounded at the time of its execution evidence of which could enlighten us as to that which the parties actually intended. See: *Mowry v. McWherter*, 365 Pa. 232, 74 A. 2d 154; *Kennedy v. Erkman,* 389 Pa. 651, 133 A. 2d 550.

---

[2] Lack of consideration is not specifically included as an affirmative defense under this Rule. However, under the Rule as amended, affirmative defenses are not limited to those specifically set forth.

[3] By way of illustration, the writing refers to a $5000 insurance policy concerning the terms of which the written instrument tells us nothing and yet it may well be that an irrevocable recognition by decedent of the right of the widow to this policy might furnish the consideration to validate the writing. Further, the writing refers to "the Income" without any reference to that from which the income may arise.

The matter was determined by the court below on the pleadings which, in effect, constituted a construction of the terms of the written instrument from the language employed. Where the court erred was in considering that the language of the instrument was clear and unambiguous. ·We consider the language both unclear and ambiguous and believe that only evidence of the attendant circumstances can enable the court to determine just what the parties intended by the writing. Most apposite to the instant situation is our language in *Mowry,* supra (243) : "The plaintiff's bill of complaint should not have been dismissed on preliminary objections. It is clear that a contract when ambiguous is to be interpreted in the light of the surrounding circumstances. A disposition of the matter without permitting full development of the circumstances is premature. The rule is that a summary judgment or decree will not be granted unless a case is clear; if the case is not clear the parties must have an opportunity to develop the facts at trial."

Decree vacated and the matter remanded to the court below for the purpose of taking testimony concerning the circumstances which existed at the time the writing of August 5, 1958 was executed.