■ WILLIAM J. MORRIS, INC., Respondent, v LANZILOTTA & TERAMO CONSTRUCTION CORP. et al., Appellants.—In an action, *inter alia,* to recover damages sustained as the result of the failure of defendant Lanzilotta & Teramo Construction Corp. (Lanzilotta) to enter into a contract in accordance with its bid, defendants appeal from an order of the Supreme Court, Nassau County, dated January 18, 1977, which denied their separate motions for summary judgment and defendant Fidelity and Deposit Company of Maryland (Fidelity) also appeals from so much of a further order of the same court, dated August 26, 1977, as, upon reargument, adhered to the branch of the original determination which denied its motion. Appeal from so much of the order dated January 18, 1977 as denied the motion of Fidelity for summary judgment dismissed as academic, without costs or disbursements. That portion of the order was superseded by the order granting Fidelity's motion for reargument. Order dated January 18, 1977 otherwise affirmed, without costs or disbursements. Order dated August 26, 1977 reversed insofar as appealed from, on the law, without costs or disbursements, and motion by Fidelity for summary judgment granted. With respect to defendant Lanzilotta, there are issues of fact raised which can only be resolved after a trial. Among the issues are whether the parties intended to be contractually bound by the bids submitted, or whether the bids were to be only a basis for future negotiations, and whether Lanzilotta assented to the terms of the formal contract submitted by plaintiff. Defendant Fidelity, surety for defendant Lanzilotta, guaranteed only that Lanzilotta would enter into a contract in accordance with its bid. The record before us indicates that the formal contract tendered by plaintiff altered the terms of the original bid, as guaranteed, thereby discharging Fidelity from liability. A surety is discharged by any alteration of the contract to which the guarantee applied, whether the alteration is material or not *(Hall & Co. v Continental Cas. Co.,* 34 AD2d 1028). Hopkins, J. P., Latham, Damiani and Suozzi, JJ., concur.

■ EDWARD WORTMANN, Plaintiff, v LONG ISLAND LIGHTING COMPANY, Respondent, and LONG ISLAND RAILROAD et al., Appellants, et al., Defendants.—In a negligence action to recover damages for personal injuries, etc., defendants the Long Island Railroad (LIRR) and the Metropolitan Transportation Authority (MTA) appeal from so much of an order of the Supreme Court, Nassau County, entered November 16, 1977, as failed to grant the branch of their motion which sought summary judgment against defendant the Long Island Lighting Company (LILCO) and instead severed and continued the cross claims between LIRR and MITA and LILCO. Order affirmed insofar as appealed from, with $50 costs and disbursements. Appellants' argument that a prior action was *res judicata* on the issue of LILCO's negligence is without merit (see *Greenberg v City of Yonkers,* 45 AD2d 314, affd 37 NY2d 907). The issue of LIRR's negligence was never presented to the trier of the facts in the prior action. The court's finding in that action that LILCO was negligent has no bearing on the degree of its negligence as between LIRR and LILCO, since LIRR was not a party to that action. Damiani, J. P., Suozzi, Rabin and Hawkins, JJ., concur.