**954**

PLUMBERS AND STEAMFITTERS, LOCAL UNION 530 ANNUITY FUND, and George Gvozdich, Rex Hutzell, Angelo Stefano and Sanford Grube, Trustees, Plaintiffs,

v.

Nevin P. SHAFFER, Charles R. Crawford, W. Clair Holsopple, Kenneth Merberger, Lee D. Moot, Blaine Stroz, Victor E. Wolford, Robert Delozier, Joseph Jacko, William E. Shaffer, James A. Brant, Sharon Hiner, Edward R. Hill, John P. Gromley, Andrew W. Mock, Blaine L. Haney, Joseph Yarnovich and Ara Barber, as Representative Members of Group Three of the Steamfitters Local No. 530 Pension Annuity Fund; and Metropolitan Life Insurance, a corporation, Defendants.

Civ. A. No. 77–725.

United States District Court, W. D. Pennsylvania.

Oct. 2, 1978.

Stephen L. Barsotti, Joseph M. Maurizi, Pittsburgh, Pa., for plaintiffs.

Alexander Black, Pittsburgh, Pa., for defendant, Metropolitan Life Ins. Co.

Gary C. Horner, Johnstown, Pa., for all other defendants.

## OPINION

WEBER, Chief Judge.

The Plaintiffs in this declaratory judgment action are the trustees of the pension plan of Local # 530 of the Plumbers and Steamfitters union. The Plaintiffs allege that, at a meeting on March 28, 1974 (hereinafter "March 28 meeting"), they resolved to terminate the pension plan on April 30, 1974 and to distribute the plan's assets to its four groups of participants in the form of annuities according to an amended group priority ranking. Sometime after April 30, 1974, the Plaintiffs transferred the funds resulting from the liquidation of the plan's assets to the Defendant Metropolitan Life Insurance Company (hereinafter, "Metropolitan") which agreed to issue annuities to plan's participants. All of the other Defendants are members of the third group of participants who would receive annuities substantially reduced in value under the amended group priority ranking allegedly adopted at the March 28 meeting as compared to the value of the annuities they would receive under the priority ranking set out in the original pension plan agreement adopted in December 1964, which was ostensibly affirmed at the March 28 meeting according to the minutes of that meeting recorded by the plan administrator. The Plaintiffs contend that the recorded minutes of the March 28 meeting are wrong because they set out the original priority ranking and not the amended priority ranking which the Plaintiffs allege they adopted at that meeting.

By its declaratory judgment action, the Plaintiffs petition the Court to order Metropolitan to issue annuity certificates to the four groups of participants according to the group priority ranking in fact adopted at the March 28 meeting and not according to the priority ranking set out in the 1964 plan agreement which was repeated in the recorded minutes of the March 28 meeting. The Defendants oppose the judicial determination which the plaintiffs seek for two reasons: (1) the Defendants contend that the Trustees are powerless to amend the pension plan after it is terminated; and (2)

that the oral testimony of the Trustees about the events of the March 28 meeting is inadmissible to vary the priority ranking set out in the recorded minutes.

The Defendants correctly argue that trust law prohibits the Plaintiffs from amending the group priority rankings of the pension plan after the plan is terminated. In making this argument, however, the defendants appear to misconceive the precise nature of the plaintiffs' complaint. The plaintiffs do not ask the court to recognize an amendment adopted after the pension plan was terminated. It would exceed this court's power to recognize and implement such an amendment.

The plaintiffs ask the court to reform a termination agreement which—by some inexplicable mistake—fails to reflect an amendment properly adopted before the termination date. The power to recognize and rectify the recorded minutes of March 28 meeting, which allegedly fail to express the trustees' real intent, is incident to the broad supervisory powers over trusts granted by statute to Pennsylvania courts and which this court exercises derivatively, 17 Pa.Stat.Ann. § 281 (1977 Supp.); see *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 59 S.Ct. 275, 83 L.Ed. 285 (1939) (discussing Pennsylvania trust law); *Wilson v. Board of Directors of City Trusts*, 324 Pa. 545, 550–53, 188 A. 588 (1936); *Grambo v. South Side Bank & Trust Co.*, 141 Pa.Super. 176, 14 A.2d 925 (1940); see generally 76 Am.Jur.2d Trusts, §§ 279–290 (1978 Supp.).

The Defendants oppose the Plaintiffs' declaratory judgment action on another ground, namely, that inadmissible parole evidence of the March 28 meeting is required to prove the amendment of the plan adopting the group priority ranking urged by the Plaintiffs. We note, however, the well-established Pennsylvania rule that a scrivener's minutes of meetings are only prima facie evidence of what in fact happened at the meetings and that parol evidence is admissible to prove errors and omissions in the minutes, see *Petrishen v.*

*Westmoreland Finance Corp.*, 394 Pa. 552, 147 A.2d 392 (1958) (minutes of meeting of board of directors); *Hartley v. United Mine Workers*, 381 Pa. 430, 113 A.2d 239 (1955), affirming per curiam 2 D. & C.2d 1 (1954) (minutes of union meeting); *Schmidt v. Paul*, 377 Pa. 377, 383, 105 A.2d 118 (1954) (corporate minutes); *Malone v. Melnick*, 378 Pa. 483, 106 A.2d 806 (1954). Perhaps the most common expression of the Pennsylvania rule is set out in *Moore v. Keystone Macaroni Co.*, 370 Pa. 172, 87 A.2d 295 (1952);

> Corporate minutes are prima facie evidence of the facts therein stated, but they are not conclusive; and parol evidence is admissible to explain or supplement them where they are ambiguous or their meaning is doubtful, and errors may be corrected and omissions supplied where the minutes are incorrect or incomplete. 370 Pa. at 179, 87 A.2d at 299.

■ In their Complaint, the Plaintiffs-Trustees state that the recorded minutes of the March 28 meeting erroneously express what action they in fact took at that meeting. The plan administrator, who is not a trustee, recorded the minutes; no trustee certified that the recorded minutes were accurate. Under these circumstances, we are impelled to consider parol evidence of the March 28 meeting to insure that the termination of the plan accords with the trustees' intent. See *Dunn v. Orloff*, 420 Pa. 492, 218 A.2d 314 (1966); *In re Plasterer's Estate*, 413 Pa. 513, 198 A.2d 525 (1964). We would reach this conclusion even if an examination of the minutes themselves disclosed no facial ambiguity.

■ Our examination of the minutes, however, reveals several ambiguities and anomalies which warrant the consideration of parol evidence. First, throughout the minutes, the scrivener states that the trustees decided to terminate the pension plan according to Article X of the plan. Article X of the plan, however, empowers the Trustees to amend the plan; it is Article IX, entitled "Complete Termination", which outlines the group priority ranking to be followed on termination. Second, the minutes themselves indicate that the Trustees at the March 28 meeting amended the group priority ranking set out in the original agreement with respect to priority groups three and four.

The minutes state:

> Termination of this Plan shall take place in accordance with the provisions of this Resolution, but it is already understood that the termination and any Amendment of the Pension Plan must be submitted to the Internal Revenue Service for approval. In the event that the Internal Revenue Service does not approve the Amendment to the Plan and/or the termination of the Plan, then the action of the Resolution as pertaining to priorities (3) and (4) shall be null and void . . .

Defendants' Exhibit B.

This excerpt from the minutes suggests that the Trustees amended the termination provisions of the plan to affect the interests of participants in the third and fourth priority groups. This murky excerpt from the minutes belies the Defendants' contention that the Trustees intended to terminate the pension plan according to the group priority ranking set out in the original plan agreement and repeated in the minutes.

Third, the minutes refer several times to "Article X, as amended." Presuming that the scrivener erred in referring to Article X instead of Article IX which controls termination, the use of these phrases clearly reflects that the trustees enacted some amendment about the group priority ranking during the March 28 meeting or before. Since the Defendants have not provided the Court with any amendment to Article IX enacted before the March 28 meeting, the Court is left with the clear possibility that the Trustees amended Article IX at the March 28 meeting.

Because the Trustees themselves allege in their Complaint that the minutes of the March 28 meeting do not accurately express their actions during that meeting, and because the minutes themselves contain several ambiguities and anomalies, the Court

must consider parol evidence in deciding the Plaintiff's declaratory judgment action.

An appropriate pretrial order will be entered.