## Potis v. Coon

*John A. Mihalik,* for plaintiffs.
*Robert Browning, John R. Lenahan, Jr.* and *James E. Pocius,* for defendants.

MUNLEY, *J.,* May 29, 1980—This matter is before the court on the preliminary objections of both defendants. At oral argument plaintiffs represented to the court that the complaint would be amended in conformity with certain of the defense motions for a more specific pleading. Therefore, we will address the remaining issues.

Plaintiffs sue in both trespass and assumpsit, alleging that the individual plaintiffs purchased lots in a subdivision owned by defendant Mary N. Coon, who is the successor in interest and widow of Samuel J. Coon. The Coons were developers of a subdivision located in defendant Ransom Township. The first count of the complaint is in assumpsit and alleges that, as part of the consideration for the purchase of lots in this subdivision, Mary Coon made numerous oral promises, on her own behalf and as the agent for her late husband, to improve and pave the road within the subdivision.

They allege reliance upon these numerous promises when purchasing their lots and in not selling them subsequent to purchase. It is further alleged that on or about July 1, 1975, Mary Coons refused to honor her promises, resulting in a depreciation in value of plaintiffs' homes and impaired access due to roadbed deterioration. As damages, they seek the sum of $26,200, representing the cost of installing and improving the roads as allegedly promised by Mary Coon.

The second count in the complaint is in trespass and alleges that defendant Ransom Township enacted a subdivision and land development ordinance on August 3, 1971, under the terms of which it would be an abuse of discretion for Ransom Township not to require macadam roads in the subdivision. Plaintiffs allege that no application for subdivision approval was ever filed with or approved by the township, and that the provisions of the ordinance have not been complied with. Finally, it is alleged that, notwithstanding the lack of subdivision approval, the township has carelessly, recklessly and negligently failed to enforce the ordinance and has issued building permits upon which the several plaintiffs have relied to their detriment. The damages sought are identical to those in the first count.

Defendant Mary Coon has filed preliminary objections seeking a more specific pleading, demurring to the complaint based upon lack of consideration and the measure of damages sought, and a petition raising non-joinder of a necessary party. Defendant Ransom Township has filed preliminary objections seeking a more specific pleading, and demurring to the cause of action. The township's demurrer raises factual matters not apparent from

the complaint but contains no notice to plead, see Pa.R.C.P. 1026. As a result, these factual allegations are not at issue because no answer has been filed, see Pa.R.C.P. 1017(a); 2 Goodrich-Amram 2d §1028(c):2.

## DEMURRERS

Mary Coon demurs on two grounds, the first being lack of consideration which is apparent from the face of the complaint. In support of this position she cites Plasterer Estate, 413 Pa. 513, 198 A. 2d 525 (1964). Plasterer's Estate states the general rule that where the pleader relies for his cause of action upon a written instrument, the question of lack of consideration upon the face of the instrument may be raised by preliminary objection. However, where, as here, the agreement is oral, and where it appears that consideration, or the lack of it, must be gleaned from the circumstances surrounding the transaction, the question should be raised as an affirmative defense under new matter since a disposition of the matter without permitting full development of the circumstances would be premature, Mar Ray, Inc. v. Schroeder, 242 Pa. Superior Ct. 14, 363 A. 2d 1136 (1976); cf., Plasterer's Estate, supra; Pa.R.C.P. 1030; 2 Goodrich-Amram 2d §1030:1.3.

The second ground for the demurrer is the measure of damages. As defendant points out, the measure of damages is not the basis for a demurrer. Instead, the proper procedural device for raising this question is a motion to strike: Hudock v. Donegal Mutual Insurance Co., 438 Pa. 272, 264 A. 2d 668 (1970). However, the court in Hudock treated a similar demurrer to the measure of dam-

ages as though it were a motion to strike, and we will do likewise.

The most important consideration in regard to the second ground for the demurrer is the cause of action chosen by plaintiffs. They are not suing in equity for specific performance, see, Dudek v. Bigley, 4 D. & C. 3d 92 (1977). Instead, they are suing on a contractual theory and allege a diminution in fair market value as forming the basis for recovery. In this regard the instant proceedings are more akin to the holding in Bigham v. Wabash-Pittsburgh Terminal Railway Co., 223 Pa. 106, 72 Atl. 318 (1909), wherein plaintiff sued in assumpsit for damages occassioned by defendant's failure to complete construction of a roadbed. In Bigham the court held that the true measure of damages in such a case is the difference between the value of plaintiff's land had the contract been completed and as it was at the time of breach, or the cost of completion of the contract, whichever is less, Bigham, supra, at 114. Since each plaintiff would only be entitled to recover for the diminution in value to his or her own property, it seems clear to us that the relief sought is inappropriate. Therefore, we will sustain this objection and strike the measure of damages sought with leave to amend the complaint accordingly.

The township also demurs to the complaint in that it fails to show a duty owing by the township to plaintiffs. The township claims that the subdivision in question existed prior to the adoption of the ordinance in question and, therefore, that the township lacks the authority to regulate its development. As a matter of law, this position is not necessarily correct. Where a subdivision plan is approved prior to the effective date of an initial town-

ship subdivision ordinance, any development which takes place after the effective date of the ordinance must conform to the requirements of the ordinance: Friendship Builders, Inc. v. West Brandywine Township Zoning Hearing Board, 1 Pa. Commonwealth Ct. 25, 271 A. 2d 511 (1970); Community Development Research and Training Act of July 20, 1968, P.L. 5, 805, 53 P.S. §10507. However, once a plan or plot has been approved by a governing body under existing regulations, no subsequent change or amendment in the subdivision ordinance shall be applied to affect adversely the right of the applicant to comence and to complete any aspect of the approved development in accordance with the terms of the earlier approval within three years of such approval: Gable v. Springfield Township Zoning Hearing Board, 18 Pa. Commonwealth Ct. 381, 335 A. 2d 886 (1975). In the instant proceedings the complaint alleges that the ordinance in question was adopted in August of 1971. There are no allegations concerning pre-existing ordinances. The complaint alleges a failure to seek or receive township approval for the development. A demurrer admits all well-pleaded, material facts set forth in the complaint: Line Lexington Lumber Co., Inc. v. Pennsylvania Publishing Corp., 451 Pa. 154, 301 A. 2d 684 (1973). Thus, for purposes of this demurrer we face a factual setting where a township has failed to take any action at all, either before or after its subdivisions ordinance had been enacted, although it is empowered to do so. Furthermore, it has issued building permits for the development of the subdivision. As a result of this failure, the individual plaintiffs have suffered a diminution in property value and general inconvenience. Do these facts state a cause of ac-

tion in negligence against the municipality? We think they do, and that the township may be held liable for negligently issuing a construction permit, see, Turner v. Martz, 42 Pa. Commonwealth Ct. 328, 401 A. 2d 585 (1979); King v. Sullivan, 68 D. & C. 2d 318 (1974) (both dealing with sewage permits.* As to whether a duty exists as between the township and the individual plaintiffs, we believe that such a duty may exist, see 53 P.S. §10511; Safford v. Board of Commissioners, Annville Township, 35 Pa. Commonwealth Ct. 631, 387 A. 2d 177 (1978). Because a demurrer should be sustained only where it appears with certainty that upon the facts averred the law will not permit a recovery, Papieves v. Kelly, 437 Pa. 373, 263 A. 2d 118 (1970), we will deny the township's demurrer.

## MORE SPECIFIC PLEADING

The township has also filed a motion for a more specific pleading to itemize the damages claimed by plaintiffs. Because we have already concluded that the measure of damages sought is not appro-

*The township relies upon Stigelman v. Millersville Borough Council, 59 Lanc. 359 (1965), to support its position. Two factors distinguish Stigelman from our situation. First, it was decided prior to the adoption of the Municipalities Planning Code, which became effective January 1, 1969. The code made substantive changes in the area of subdivision regulation which are extensively discussed in Friendship Builders, supra; and Gable, supra. We are here dealing with a township as opposed to a borough, as was the case in Stigelman, where the borough had already approved a plot plan and subsequently adopted a zoning ordinance which it attempted to retroactively apply to the plan. Pre-code subdivision approval procedures for townships were significantly different then. Secondly, in Stigelman the subdivision plan had already been approved by the Council, making the holding there more similar to the Commonwealth Court's holding in Gable, supra.

priate, we will deny this motion at this time as being moot.

## CLASS ACTION

Defendant Mary Coon argues that, based upon the measure of damages sought, this matter should be certified as a class action. Because we have already concluded that the measure of damages sought is not appropriate, it is not necessary that the court address this issue at this time. However, we simply observe that the choice of bringing an action as a class action seems to rest with plaintiff under the rules, see Pa.R.C.P. 1701(a) and 1703(a). It is apparently not available to defendant as a ground for procedural challenge to the complaint, even though the challenge may be couched in terms of a petition raising nonjoinder of a necessary party, cf. Bell v. Beneficial Consumer Discount Co., 465 Pa. 225, 348 A. 2d 734 (1975).

## ORDER

Now, May 29, 1980, the preliminary objections of defendants Mary Coon and Ransom Township seeking a more specific pleading are granted pursuant to stipulation of counsel at oral argument. Further, the preliminary objection in the nature of a motion to strike the claim for relief, i.e., demurrer, of Mary Coon is granted.

The motion of defendant Ransom Township seeking a more specific pleading on the question of damages is denied at this time as being moot.

Further, the preliminary objections are denied in all other respects.

Plaintiffs are allowed 20 days to amend their complaint in accordance with this order.